IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

BRANDYN D'ANTONIO,

Plaintiff,

v.

GENERAL CREDIT SERVICE, INC.,

Defendant.

Case No. 1:16-cv-01860-CL

REPORT AND RECOMMENDATION

CLARKE, Magistrate Judge

Plaintiff alleges Defendant violated the validation notice requirements of the Fair Debt Collection Practices Act ("FDCPA"). Defendant has moved to dismiss Plaintiff's complaint (#10). For the reasons below, the Court should grant Defendant's motion to dismiss.

**FACTUAL BACKGROUND**

Plaintiff alleges Defendant violated the FDCPA's validation notice requirements by failing to make the required disclosures under 15 U.S.C. § 1692g(a).[1] Specifically, Plaintiff contends Defendant, who sent two dunning letters to Plaintiff in an effort to recover payment on

---

[1]Plaintiff also alleged Defendant violated 15 U.S.C. § 1692g(e) and (f) by "serving Plaintiff with a summons that indicate[d] Plaintiff ha[d] 10 days to respond, whereas Oregon civil procedure rules allow 14." Plaintiff has withdrawn this claim, acknowledging "the summons did in fact comply with the law...." Resp. to Mot. to Dismiss, at 4 [ECF No. 11.].

Page 1 – REPORT AND RECOMMENDATION

two allegedly delinquent utility accounts, failed to "state with certainty whether interest was accruing" on the two accounts. Am. Compl. ¶ 9 [ECF No. 9.]. Defendant moves to dismiss Plaintiff's complaint, arguing it complied with all requirements of the FDCPA's validation notice requirements.

## STANDARD

Pursuant to Rule 12(b)(6), a motion to dismiss will be granted where the plaintiff fails to state a claim upon which relief may be granted. In order to state a claim for relief, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)).

Dismissal under Rule 12(b)(6) is proper "if there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Id.* (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)). To survive a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating a motion to dismiss, the court must accept the allegations of material fact as true and construe those allegations in the light most favorable to the non-moving party. *Odom v. Microsoft Corp.*, 486 F.3d 541, 545 (9th Cir. 2007) (internal citations omitted).

/ / /

## DISCUSSION

In moving to dismiss, Defendant points out that the FDCPA's validation notice requirements do not expressly necessitate disclosure of interest rates or whether interest is accruing on outstanding debt; as Defendant states, its "letters compl[ied] with the plain terms of § 1692g(a)(1) by disclosing 'the amount of the debt,' which is all the statutory provision requires." Def.'s Reply. in Supp. of its Mot. to Dismiss, at 5 [ECF No. 16.]. In the alternative, Defendant contends it included adequate "safe harbor" language endorsed by the Seventh Circuit and cited by Plaintiff as evidence Defendant violated 15 U.S.C. § 1692g(a).

Plaintiff responds that recent court rulings have required debt collectors to state unambiguously the amount of debt owed *and* whether such debt is subject to future increases because of interest. Yet in this case, Plaintiff asserts, the letters are ambiguous as to whether the amount owed is subject to future increases, stating only that future increases due to interest "may or may not be applicable." Def.'s Ex. 3, at 1-2.[2] Hence, Plaintiff suggests, Defendant's motion to dismiss must be denied.

The FDCPA provides in pertinent part:

> (a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
> (1) the amount of the debt;
> (2) the name of the creditor to whom the debt is owed;
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

---

[2]Defendant's Exhibit 3 is a copy of both collection letters. Neither Defendant nor Plaintiff questions the letters' authenticity. Moreover, the contents of both letters were alleged in Plaintiff's complaint. Accordingly, though the letters were not physically attached to the complaint, but were instead supplied by Defendant, the letters may nonetheless be consider without converting Defendant's motion to dismiss into a motion for summary judgment. *See Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994) (*cert. denied*) (*rev'd on other grounds*).

> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 USC § 1692g(a). "Under the law of this circuit, whether the initial communication violates the FDCPA depends on whether it is likely to deceive or mislead a hypothetical lease sophisticated debtor." *Terran v. Kaplan*, 109 F.3d 1428, 1431 (9th Cir. 1997) (internal quotations and citations omitted). "The objective least sophisticated debtor standard is lower than simply examining whether particular language would deceive or mislead a reasonable debtor." *Id.* at 1431-32 (internal quotations and citations omitted).

*Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, and Clark, L.L.C.*, 214 F.3d 872 (7th Cir. 2000) is a "leading authority on whether" a debt collector complied with the "amount of debt" provision in the FDCPA, the provision at issue in this case. *Hutton v. Law Offices of Collins & Lamore*, 668 F. Supp. 2d 1251, 1256 (S.D. Cal. 2009). In that case, the dunning letter at issue said the "unpaid principal balance" was $178,844.65 but that this amount "'does not include accrued but unpaid interest, unpaid late charges, escrow advances or other charges for preservation and protection of the lender's interest in the property, as authorized by your loan agreement. The amount to reinstate or pay off your loan changes daily.'" *Miller*, 214 F.3d at 875. The court held that the letter violated the FDCPA's "amount of debt" provision because "[t]he unpaid principal balance is not the debt; it is only a part of the debt; the Act requires statement of the debt." *Id.* Moreover, the court stated, the "amount of debt" requirement in the FDCPA is not met simply by providing a phone number for the debtor to call in an effort to determine the amount of debt she owes, nor is it an excuse that the debt collector failed to provide the full

amount of the debt owed because interest accrues daily, thereby changing the amount of debt outstanding. *Id.* "What they [the debt collector] certainly could do," however, "was to state the total amount due—interest and other charges as well as principal—on the date the dunning letter was sent." *Id.* at 875-76.

Finally, in an effort to provide debt collectors with a "'safe harbor' formula for complying with" the "amount of debt" provision, Judge Posner drafted a generic form for satisfying the debt collector's duty to state the amount of the debt in a dunning letter:

> As of the date of this letter, you owe $ ____ [the exact amount due]. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write the undersigned or call 1-800-[phone number].

*Id.* at 876. Judge Posner went on to explain that "[a] debt collector who uses this form will not violate the 'amount of debt' provision, provided, of course, that the information he furnishes is accurate and he does not obscure it by adding confusing other information (or misinformation)." *Id.* "Of course," he stated, "we do not hold that a debt collector *must* use this form of words to avoid violating the statute; but if he does, and (to repeat an essential qualification) does not add other words that confuse the message, he will as a matter of law have discharged his duty to state clearly the amount due." *Id.* (emphasis in original).

Here, Defendant disclosed the amount of debt owed on both letters on the date the letters were sent and included, almost verbatim, Judge Posner's safe harbor language. Accordingly, Defendant argues, its letters comply with Section 1692g(a). The Court agrees. Unlike in *Miller*, where the dunning letter at issue said "unpaid principal balance," both letters in this case state the "total" amount of debt owed on the date the dunning letters were sent and even break the

amount of debt into principal and interest, as the *Miller* court recommended. *See* Mot. to Dismiss Ex. 3, at 1-2. Plaintiff concedes this. *See* Resp. to Def.'s Mot. to Dismiss, at 3 ("although the letters do state the amount of debt . . ."). Moreover, Defendant's safe harbor language is taken nearly verbatim from Judge Posner's:

> As of the date of this letter, you owe $ ___ [amount due]. All obligations may not be listed on this notice. Because of interest, and other charges which may or may not be applicable, that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write to use or call 1-800-[Defendant's phone number].

Mot. to Dismiss Ex. 3, at 1, 2. Plaintiff makes much of the sentence in Defendant's safe harbor language stating, "[b]ecause of interest, and other charges *which may or may not be applicable*, that may vary from day to day, the amount due on the day you pay may be greater" (emphasis added). He argues this addition alters Judge Posner's language in such a way as to create an ambiguity as to whether interest continued to accrue on the two outstanding accounts after the dunning letters were sent. Plaintiff contends the FDCPA requires Defendant to unambiguously state whether interest continued to accrue on his outstanding debts.

The Court agrees with Plaintiff's reading of the law; as the court held in *Jones v. Midland Funding, LLC*, 755 F. Supp. 2d 393, 397 (D. Conn. 2010), "the *Miller* line of cases" state "that when a debt is accruing interest, a validation notice fails to correctly state the amount of the debt as required by § 1692g unless it discloses the fact that interest is accruing. . . ." Indeed, "[t]he Act is debtor-oriented." *Marucci v. Cawley & Bergmann, LLP*, 66 F. Supp. 3d 559, 566 (D. N.J. 2014). Hence, requiring the debt collector to state whether interest is accruing "better implements the statutory goal of full and fair disclosure to every debtor, even the least sophisticated one." *Id.* at 566-67.

The Court disagrees, however, with Plaintiff's reading of Defendant's safe harbor language. Plaintiff reads Defendant's safe harbor language as saying *both* interest *and* other charges "may or may not be applicable," thereby creating ambiguity as to whether interest continued to accrue on the two debts at issue. But such a reading ignores the comma that sets off the "interest" phrase from the "other charges" clause, as well as the comma that sets off the "other charges" clause from the phrase that immediately follows it. Through the use of commas before and after the "other charges" clause, Defendant indicates that the "other charges" clause is disjoined, or separate, from the phrases that come before and after it. Hence, the "interest" phrase is not a part of the "other charges" clause—the clause that contains the allegedly ambiguous wording, "which may or may not be applicable." Plaintiff does not contend Defendant improperly tried to collect "other charges" that were not properly disclosed in the dunning letters, only that Defendant's safe harbor language creates an ambiguity as to whether interest continued to accrue. "[T]he least sophisticated debtor is," however, "presumed to have a willingness to read with care," *Gold v. Midland Credit Mgmt., Inc.*, 82 F. Supp. 3d 1064, 1076 (N.D. Cal. 2015), and when this sentence is read properly, the result is a statement regarding interest that is identical to Judge Posner's: "Because of interest . . . that may vary from day to day, the amount due on the day you pay may be greater." *Compare* Mot. to Dismiss Ex. 3, at 1, 2, *with Miller*, 214 F.3d at 876.

Accordingly, Defendant does not alter Judge Posner's language in an ambiguous way; rather, it is clear from a reading of Defendant's safe harbor language, as it is with Judge Posner's, that additional interest on Plaintiff's accounts had the chance to alter the amount ultimately due. As Judge Posner stated, "[a] debt collector who uses this form will not violate the 'amount of debt' provision. . . ." *Miller*, 214 F.3d at 876. Consequently, Defendant did not

violate the FDCPA, and its motion to dismiss should be granted.[3] Finally, because Defendant's safe harbor language complied with the FDCPA as a matter of law, Plaintiff's claim cannot be cured by amendment, and it should be dismissed with prejudice. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (holding that leave to amend should be granted even when no request has been made unless the court determines the pleading could not possibly be cured by the allegation of other facts).

## RECOMMENDATION

For the foregoing reasons, Defendant's motion to dismiss (#10) should be GRANTED. This Report and Recommendation will be referred to a district judge. Objections, if any, are due no later than fourteen (14) days after the date this recommendation is filed. If objections are filed, any response is due within fourteen (14) days after the date the objections are filed. *See* Fed. R. Civ. P. 72, 6. Parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

It is so ORDERED and DATED this 17 day of April, 2017.

MARK D. CLARKE
United States Magistrate Judge

---

[3]At oral argument, held on April 11, 2017, the Plaintiff analogized the present case to *Williams v. S. Or. Credit Serv., Inc.*, No. 1:16-cv-01707-CL, 2016 WL 8261902, at *1 (D. Or. Dec. 16, 2016), *Findings and Recommendation adopted by* No. 1:16-cv-1707-CL, 2017 WL 663160, at *1 (D. Or. Feb. 16, 2017). In that case, the plaintiff argued the defendant violated the FDCPA by failing to disclose both the amount of interest accruing and the applicable rate. *Id.* at *2-3. The defendant in *Williams* subsequently moved to dismiss, but, unlike here, this Court denied its motion. *Id.* at *4. There, in contrast to here, however, the defendant's dunning letter only included a lump sum amount owed; it did break the amount of debt owed into principal and interest, as the defendant did here. *Id.* at *3. Nor did the *Williams* defendant include the safe harbor language stating interest continued to accrue on the outstanding debt obligation, language central to the Court's finding in this case. *Id.* Accordingly, *Williams* is inapposite.